## SCOTT v. CANTRELL.

VENDORS—*When liable for taxes.*—A plea or answer by the maker of a note, given in part consideration for the purchase of lands, that indorsee of the note, knew at the time of the indorsement that there was a controversy between the vendor and vendee (the maker and indorser), concerning who should pay the taxes on the lands so sold—should aver such a character of contract between the vendor and vendee, as would entitle the vendee to a deed with covenants of general warranty or a bond to that effect.

*Appeal from Pulaski Circuit Court.*

HON. JOHN WHYTOCK, Circuit Judge.

*Watkins & Rose,* for appellant.

*Clark & Williams,* for appellee.

WILSHIRE, C. J.

The appellee, William A. Cantrell, brought suit against

Charles G. Scott and Noah H. Badgett, on a note, bearing date May 30, 1868, payable on the first day of September, 1869, for the sum of $2,280, with interest at ten per cent. per annum until paid. The appellant was sued as maker, and Badgett as the indorser of the note to Cantrell.

The appellant answered separately, and averred substantially as follows: That the note in suit was executed by him to his co-defendant, Badgett, in part consideration for the purchase, by him of Badgett, of certain real estate in the city of Little Rock, known as the "Fowler property;" that said Badgett was, at the date of the purchase, and for more than six months theretofore, the owner of said property; that when he purchased said property from Badgett, there was, by law, chargeable thereon, the State, county and city taxes, in and for the year 1868; that he applied to said Badgett and requested him to pay the same, which Badgett refused, and that the appellant, in order to prevent the advertisement and sale of said property, paid said taxes, amounting to the sum of $887 40; and that the appellee, when he became the owner or holder of the note, did so with notice of the dispute or controversy then and previously thereto pending between the appellant and Badgett, as to whose duty or obligation it was to pay said taxes.

A demurrer to the answer being sustained, Scott appealed.

We are of opinion that the demurrer was properly sustained. The answer of Scott states generally that he purchased the property, for the payment of which, in part, the note in suit was given. There is no averment in the answer that Badgett made Scott a deed of any kind, and for aught that appears in the transcript of the record before us, Badgett may have made to Scott a quit claim deed, and that the note was made by Scott, in consideration of such a deed. If the contract of purchase between Scott and Badgett was of such a character as to entitle Scott to a deed with covenants of general warranty, or if Badgett had executed such a bond to him, so as to embrace covenants that follow the land, the answer should show it.

Holding, as we do, it is unnecessary to discuss the question raised by the passage of the act approved July 23, 1868, relating to the assessment and collection of taxes for that year.

Judgment affirmed.